UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES ADEYEMI,

    *Plaintiff*,

v.

AMAZON.COM SERVICES, LLC,

    *Defendant.*

Civil Action No. 24-2887 (RDM)

## **MEMORANDUM OPINION**

Plaintiff James Adeyemi, proceeding *pro se*, brings this action against Amazon.com Services, LLC ("Amazon"), for alleged wrongful termination. *See* Dkt. 1-1 (Compl.). Now before the Court is Amazon's motion to dismiss for lack of personal jurisdiction and for failure to state a claim. Dkt. 11. For the reasons that follow, the Court will grant Amazon's motion to dismiss for lack of personal jurisdiction.

### I. BACKGROUND

Plaintiff James Adeyemi is a former Amazon employee. Dkt. 1-1 at 9. Plaintiff sued Amazon in Superior Court, filing the following four-sentence complaint:

> I hereby submit this motion to complaint against the giant company named Amazon.com Services LLC because the defendant terminated me from employment during the COVID period in 2020 without good reason because I am deaf. I filed unemployment insurance with state of MD and they denied. I never be told that I was terminated but told me that I was suspended without a reason and then they revenged me by terminating me when I complained about their discrimination to the appeal group of Amazon.com. I hereby seek a relief for monies against the defendant for suffering and pain for 4 years until a job.

*Id.* After removing the case to this Court, Amazon filed the pending motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6).

1

With respect to personal jurisdiction, Amazon argues that (1) it is not subject to general jurisdiction in D.C.; and (2) it is not subject to specific jurisdiction because Plaintiff was employed and terminated in Maryland, and so his suit bears no connection to this forum.  Dkt. 11-1 at 6–8.  With respect to Rule 12(b)(6), Amazon primarily relies on the doctrine of res judicata.  According to Amazon, Plaintiff previously filed the same wrongful termination suit in the District of Maryland.  That court dismissed his claims with prejudice, and the Fourth Circuit affirmed.  *Id.* at 1, 3 (citing Dkt. 11-7, *Adeyemi v. Amazon.com Servs., LLC*, 2024 WL 3617574 (4th Cir. Aug. 1, 2024)).[1]  Finally, Amazon argues that 12(b)(6) dismissal is warranted because Plaintiff's brief and cryptic complaint "does not satisfy the notice pleading requirements under Federal Rule 8(a)." *Id.* at 12.

After Amazon filed its motion to dismiss, the Court issued a Fox/Neal Order, Dkt. 12, cautioning Plaintiff that, if he failed to file an opposition to Amazon's motion to dismiss, "the Court may (1) treat the motion as conceded; (2) rule on Defendant's motion based on Defendant's arguments alone and without considering Plaintiff's arguments; or (3) dismiss Plaintiff's claims for failure to prosecute," *id.* at 1–2.  The Court further advised Plaintiff that, if he responded to only certain arguments raised by Amazon, the Court would treat those unopposed arguments as conceded.  *Id.*  Plaintiff filed his opposition shortly thereafter.  *See* Dkt. 13.  Plaintiff's opposition is difficult to parse, but he appears to argue that res judicata does not bar his suit because the relief he seeks here is different from the relief he sought in the District of Maryland case, or alternatively that res judicata does not apply because those prior proceedings

---

[1] Although the Court will not rely on Amazon's factual assertions regarding the District of Maryland case for purposes of resolving the pending motion to dismiss, the Court nonetheless notes that it "may properly take judicial notice of proceedings and filings in other courts." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1213 (D.C. Cir. 2020).

2

were carried out unlawfully. *See id.* at 2–4.[2] Plaintiff's opposition does not address Amazon's argument that the Court lacks personal jurisdiction. *See id.* Amazon filed its reply, Dkt. 14, and Plaintiff filed a surreply, Dkt. 15. In his surreply, Plaintiff reprises his argument that his suit is not barred by res judicata, but, again, Plaintiff does not address personal jurisdiction. Amazon's motion is now ripe for decision.

## II.  LEGAL STANDARD

When the issue is raised, "a court must first determine that it possesses personal jurisdiction over the defendant[] before it can address the merits of a claim." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018). The plaintiff bears the burden of establishing a basis for personal jurisdiction. *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Here, personal jurisdiction must be authorized by District of Columbia law, and it must comport with constitutional limits. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995); *Fuld v. Palestine Liberation Org.*, 145 S. Ct. 2090, 2102 (2025) ("[F]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). A plaintiff may establish personal jurisdiction by invoking either general jurisdiction—which "extends to any and all claims brought against a defendant"—or specific jurisdiction—which requires that "[t]he plaintiff's claims . . . arise out of or relate to the

---

[2] Plaintiff also appears to argue that this case should be remanded to state court because the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332(a)(1) is not met. *See* Dkt. 13 at 4. The Court, however, need not reach that question, because the Court has federal question jurisdiction under 28 U.S.C. § 1331. Although Plaintiff does not cite a federal statute his complaint, the facts alleged may be plausibly construed as alleging a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and his opposition indicates that his claims arise under that statute. Dkt. 13 at 5 (discussing "violation of the ADA"); *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (holding that "a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss").

defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021) (internal quotation marks omitted); *see* D.C. Code § 13–422 (general jurisdiction); *id.* § 13–423(a) (specific jurisdiction).  Complaints filed by *pro se* plaintiffs should be "liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but even *pro se* plaintiffs must, at minimum, carry their burden of alleging "the pertinent jurisdictional facts"—either "specific acts connecting the defendant with the forum" for specific jurisdiction, *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001), or that the defendant "is fairly regarded as at home" in the forum for general jurisdiction, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

### III.  ANALYSIS

Even under the liberal pleading standard applied to *pro se* complaints, Plaintiff fails to allege any basis upon which the Court may exercise personal jurisdiction.  Turning first to general jurisdiction, under D.C. law, a court may exercise general jurisdiction over a defendant who is "domiciled in, organized under the laws of, or maintaining his or its principal place of business in" the District of Columbia.  D.C. Code § 13–422; *see also Daimler*, 571 U.S. at 137. Plaintiff, however, makes no allegation that Amazon is incorporated in or maintains its principal place of business in D.C., nor does he otherwise allege that Amazon should be regarded as "at home" in D.C.  *Daimler*, 571 U.S. at 137.  Rather, Plaintiff's opposition acknowledges that Amazon's "headquarters is in Seattle of Washington," Dkt. 13 at 2, and he does not appear to dispute Amazon's assertion that it is "incorporated in Delaware," Dkt. 11-1 at 6 (citing Dkt. 11-8

4

at 2 (Anstead Decl. ¶ 3)).[3]  The Court, accordingly, concludes that Plaintiff failed to carry his burden of showing that the Court may exercise general jurisdiction over Amazon.

Specific jurisdiction is similarly unavailable.  D.C.'s long-arm statute provides that the Court "may exercise personal jurisdiction over a person . . . as to a claim for relief arising from the person's" contacts with D.C.  D.C. Code § 13–423(a).  The statute's requirement that the claims "aris[e] from" the defendant's contacts with the forum means that the plaintiff must allege some relationship between the two.  *Id.* § 13-423(a), (b).  "Or put just a bit differently, 'there must be an affiliation between the forum and the underlying controversy.'"  *Ford Motor Co.*, 141 S. Ct. at 1025.  In this case, however, Plaintiff does not allege *any* relationship between D.C. and his claims.  According to the complaint, Amazon unlawfully terminated and retaliated against Plaintiff, but Plaintiff does not say where this occurred.  *See* Dkt. 1-1 at 9.  To the extent Plaintiff gives any indication of where he suffered his alleged injury, it appears to have been in Maryland.  *See id.* (alleging that Plaintiff "filed unemployment insurance with state of MD").  Plaintiff, moreover, did not respond to Amazon's assertion that he "worked at Amazon's facility in Baltimore, Maryland," Dkt. 11-1 at 8 (citing Dkt. 11-8 at 2 (Anstead Decl. ¶ 3)), notwithstanding the Court's admonition that it would treat any unaddressed arguments as conceded, Dkt. 12 at 1.  In light of Plaintiff's failure to allege any facts showing "an affiliation between the forum and the underlying controversy," *Ford Motor Co.*, 141 S. Ct. at 1025, as well as his failure to respond to

---

[3] Plaintiff's opposition does aver: "the defendant claimed that the defendant was located in Delaware, which is not true."  Dkt. 13 at 4.  In context, however, the Court does not understand Plaintiff to be referring to Amazon's state of incorporation, which would likely be subject to judicial notice in any event.  *See In re Lorazepam & Clorazepate Antitrust Litig.*, 900 F. Supp. 2d 8, 18 (D.D.C. 2012).  And, most importantly, Plaintiff does not allege that Amazon is incorporated in D.C.

Amazon's argument on this point, the Court concludes that it lacks specific jurisdiction over Amazon.

## CONCLUSION

For the reasons explained above, the Court will grant Amazon's motion to dismiss, Dkt. 11, for lack of personal jurisdiction.

A separate order shall issue.

                                             /s/ Randolph D. Moss
                                             RANDOLPH D. MOSS
                                             United States District Judge

Date: July 21, 2025